IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RESTORATION INDUSTRY ASSOCIATION, INC., | Case No. CV-07-227-S-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CERTIFIED RESTORERS CONSULTING GROUP, LLC., et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it Defendant Griggs' Motion to Dismiss (Docket No. 25), Defendant Disaster Restoration Inc.'s Motion to Dismiss (Docket No. 26), and Defendants RSR2, LLC and Ronald K. Reese's Motion to Dismiss (Docket No. 30). The Court heard oral argument on the motions on September 19, 2007, and now issues the following decision.

## STANDARD OF REVIEW

A complaint should not be dismissed pursuant to F.R.C.P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Smilecare Dental Group v. Delta Dental*

**Memorandum Decision and Order - Page 1**

*Plan of California, Inc.*, 88 F.3d 780, 784 (9th Cir. 1996). When addressing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Id*. at 783-84.

## BACKGROUND

RIA asserts that it has been using the marks "CERTIFIED RESTORER NIFR" and "CERTIFIED RESTORER" and the accompanying Designs dating back to 1979. RIA has used these marks in connection with offering professional training programs in the property restoration field. RIA claims ownership and U.S. Registration of both marks – the first registered in 1989, the second in 2000.

RIA filed for CERTIFIED RESTORER in 2006 in connection with its educational services and has since offered this mark to individuals, but not businesses, who have completed the RIA training programs. The individual Defendants – Mr. Griggs, Mr. Reese, Mr. Geoffroy, Mr. Cosley, Mr. Boone, and Mr. Eggman – have each completed the educational services offered by RIA.

RIA asserts that these individual defendants have misused the CERTIFIED RESTORER mark when used in connection with their business entities as follows: Mr. Reese as RSR2; Mr. Griggs as DRI; Mr. Cosley as Americraft; Mr. Geoffroy as Americraft; Mr. Eggman as CR & C; and Mr. Boone as BRI. RIA further asserts that these business entities have not been certified or authorized by any

**Memorandum Decision and Order - Page 2**

organization to use the CERTIFIED RESTORER mark in the restoration business.

## ANALYSIS

Before the Court addresses the motions to dismiss as they apply to each of the claims in the Complaint, the Court will note that the Supreme Court has recognized the existence of contributory infringement. Several times throughout their moving papers, each of the defendants, both the individuals and their corporate entities, move to dismiss the claims against them on the ground that they are distinct from Certified Restorers Consulting Group, LLC ("CRCG"), which is alleged to directly infringe RIA's mark. The Supreme Court, however, has held that a trademark claim can be made against one who is contributorily responsible for harm done to the mark. Specifically, the Supreme Court has stated as follows:

> [L]iability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another. Even if a manufacturer does not directly control others in the chain of distribution, it can be held responsible for their infringing activities under certain circumstances. Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit.

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S. Ct. 2182

**Memorandum Decision and Order - Page 3**

(1982). In its Complaint, RIA adequately alleges that CRCG and the other defendants acted in concert to infringe the mark, specifically alleging that the others induced CRCG to infringe. With this in mind, the Court will address the motions to dismiss as they relate to the individual claims in the Complaint.

## II.   Unfair Competition Claims

In its Complaint, RIA alleges that the defendants have engaged in unfair competition, false designations of origin, false and misleading descriptions of face, and false and misleading representations of fact in connection with their services rendered in interstate commerce. (See Complaint, ¶ 44). RIA further asserts that the defendants acted unfairly, deceptively, deliberately, maliciously, and with reckless disregard for RIA's rights in the use of the CERTIFIED RESTORER mark. (See Complaint, ¶ 48.) The Complaint also alleges that Mr. Reese acted through RSR2 and/or CRCG, and that Mr. Griggs acted through DRI and/or CRCG, to use CERTIFIED RESTORERS as part of a trade name for CRCG, and not as a designation for Mr. Reese or Mr. Griggs individually. (See Complaint, ¶¶ 27-28). The Complaint also alleges that CRCG uses the CERTIFIED RESTORER mark along with the domain name <www.certifiedrestorers.net>. Finally, the Complaint alleges that the defendants' continued unauthorized use of RIA's CERTIFIED RESTORER mark is likely to cause confusion and mistake and/or

**Memorandum Decision and Order - Page 4**

deceive the public regarding the source, origin, authorization and nature of the defendants' services. (Complaint, ¶ 43).

These statements are sufficient allegations that Mr. Reese, RSR2, Mr. Griggs and DRI are "using a term or name deceptively similar to its own and that this use is likely to confuse the public into believing that in dealing with the defendant they are dealing with the plaintiff." *See, e.g.*, *Cazier v. Economy Cash Stores, Inc.*, 228 P.2d 436, 442 (1951). Accordingly, the facts, taken in the light most favorable to RIA, sufficiently allege a violation of the Lanham Act, 15 U.S.C. § 1125(a), as well as a common law unfair competition violation.[1]

## III.  Breach of Fiduciary Duty

A claim for breach of fiduciary duty requires a "short and plain statement" of the relevant facts. Fed. R. Civ. P. 8(a). The Ninth Circuit has held that such a

---

[1] Defendant Reese also moves to dismiss the unfair competition claims against him on the grounds that he cannot be charged with any personal liability for the actions of CRCG under the Idaho Limited Liability Company Act. Idaho Code § 53-619 addresses the liability of LLC members to third parties, and states in relevant part that "[a] person who is a member of a limited liability company is not liable, solely by reason of being a member, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, manager, agent or employee of the limited liability company." Idaho Code § 53-619. However, the Idaho Supreme Court has made clear that the Idaho Limited Liability Company Act does not bar actions against LLC members. *See J.R. Simplot Co. v. Bosen,* 2006 WL 3409103 (Idaho 2006). "That statute does not grant immunity to members of limited liability companies. It merely provides that they are not liable for debts of the limited liability company 'solely by reason of being a member'". *Id* at *2.

**Memorandum Decision and Order - Page 5**

claim need not be pleaded with particularity.  See [Concha v. London, 62 F.3d 1493 (9th Cir. 1995)](#).  In *Concha*, the Ninth Circuit declined to extend Rule 9(b) beyond its plain terms.  The court noted that it had held that Rule 9(b) applies in cases of alleged securities fraud, and that it had required compliance with the rule in cases in which the complaint alleges fraud under the RICO Act.  However, the court stated that it had never applied Rule 9(b) in cases in which the plaintiffs allege a breach of fiduciary duty but do not allege fraud.  *Id.*

With this backdrop, the Court finds that RIA sufficiently alleged its claims for breach of fiduciary duty.  "To establish a claim for breach of fiduciary duty, plaintiff must establish that defendant owed plaintiff a fiduciary duty and that the fiduciary duty was breached."  [Sorensen v. Saint Alphonsus Reg'l Med. Ctr., Inc., 118 P.3d 86, 92 (Idaho 2005)](#).  RIA alleges that Mr. Reese and Mr. Griggs are directors in RIA.  (Complaint ¶¶ 5,7).  "Idaho courts have recognized that a director has a fiduciary responsibility to both the corporation and to shareholders."  [Steelman v. Mallory, 716 P.2d 1282, 1285 (1986)](#).  Additionally, RIA alleges that Mr. Reese and Mr. Griggs intentionally and willfully usurped the RIA mark CERTIFIED RESTORER for their own benefit, and for the benefit of CRCG,  DRI and/or RSR2. (See Complaint, ¶ 53).  RIA further alleges that Mr. Griggs and Mr. Reese breached their duty to RIA by causing RIA to utilize the CERTIFIED

**Memorandum Decision and Order - Page 6**

RESTORER mark without RIA's consent and by causing, aiding or abetting CRCG in filing its Notice of Opposition, placing their self-interests above RIA and its members.

The Court finds that these allegations, taken in the light most favorable to RIA, sufficiently state a claim for breach of the fiduciary duty.  Accordingly, the Court will not dismiss the claims for breach of fiduciary duty against Mr. Reese and Mr. Griggs.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docket Nos. 25, 26, and 27) shall be, and the same are hereby, DENIED.

IT IS FURTHER ORDERED that, as stated at oral argument, Defendant Boone's Motion to Set Aside Entry Of Default (Docket No. 40) shall be, and the same is hereby, GRANTED.  However, as also stated at oral argument, Defendants Boone and BRI, Inc. shall pay RIA for all of its costs and fees associated with the

Motion to Set Aside Entry of Default.



DATED: **September 28, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge