IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RESTORATION INDUSTRY ASSOCIATION, INC., 9810 Patuxent Woods Drive, Suite K, Columbia, MD 21046, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV-07-227-S-BLW **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | | |
| v. | | |
| CERTIFIED RESTORERS CONSULTING GROUP, LLC, 1401 Shoreline Drive, Suite 2, Boise, ID  83702, | | |
| DISASTER RESTORATION, INC. 4725 Forest Street, Denver, CO 80216, | | |
| MICHAEL GRIGGS, 4275 Forest Street, Denver, CO 80216, | | |
| RSR2, LLC, d/b/a REE-CONSTRUCTION 66 Willow Creek, Hailey, ID  83333, | | |
| RONALD K. REESE, 66 Willow Creek Hailey, ID  83333, | | |
| THOMAS C. GEOFFROY, 24932 Avenue Kearny, Unit #6, Valencia, CA 91355, | | |
| MICHAEL COSLEY, 24932 Avenue Kearny, Unit #6, Valencia, CA 91355, | | |
| AMERICRAFT CONSTRUCTORS, INC. d/b/a AMERICAN CRAFTSMAN, RESTORATION, a DISASTER KLEENUP | | |

**Memorandum Decision and Order - Page 1**

| | |
|---|---|
| INTERNATIONAL (DKI) COMPANY | ) |
| 24932 Avenue Kearny, Unit #6, Valencia, | ) |
| CA 91355, | ) |
| | ) |
| BRIAN BOONE, 27309 Blueberry Hill | ) |
| Drive, Oak Ridge North, TX 77385, | ) |
| | ) |
| BOONES RESTORATION, INC., 11943 | ) |
| Scarlet Oaks Trail, Conroe, TX  77385, | ) |
| | ) |
| MICHAEL EGGMAN, 6521 Sky Creek | ) |
| Drive, Suite G, Sacramento, CA 95828, | ) |
| | ) |
| CERTIFIED RESTORATION & | ) |
| CONSTRUCTION INC., 6251 Sky Creek | ) |
| Drive, Suite G, Sacremento, CA 95828 | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Attorney Fees (Docket No. 56) and Plaintiff's Motion to Amend (Docket No. 69).  The Court has determined that the decisional process on these motions would not be significantly aided by oral argument.  Therefore, the Court will address the motions without a hearing.

## ANALYSIS

**I.     Motion for Attorney Fees**

The Court conditionally granted Defendants Boone and BRI, Inc.'s Motion to Set Aside Entry of Default.  The condition required Defendants Boone and BRI,

**Memorandum Decision and Order - Page 2**

Inc. to pay RIA for all of its costs and fees associated with the Motion to Set Aside Entry of Default.  To that end, the Court required RIA to submit a cost bill.  The Court has now reviewed the cost bill, as well as Boone and BRI's response brief.

Defendants take issue with the hourly rates charged by Plaintiff's lead counsel, Oblon, Spivak, McClelland, Maier & Neustadt, P.C, a Washington D.C. firm.  Specifically, Defendants dispute Mr. Weinstein's $400.00 hourly rate and Mr. Matthews' $260.00 hourly rate.

The Court must determine a reasonable hourly rate by considering the experience, skill and reputation of the attorneys requesting fees.  *Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).  "A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Id.* (internal quotations and citations omitted).  The relevant community in this case is Boise, Idaho, where this Court sits.  A narrow exception to this rule provides that rates from another community are acceptable where local counsel are unwilling or unable to provide the necessary legal services because they lack the experience, expertise or specialization required to properly handle the matter.  *Id.* at 907.

Plaintiff asserts that it was reasonable to retain Washington D.C. counsel in

**Memorandum Decision and Order - Page 3**

this case "given its specialized subject matter." (Weinstein Aff., p. 3). The Court does not question the fact that Mr. Weinstein and Mr. Matthews are qualified to handle this matter. However, without more explanation, the Court cannot find that local counsel are unwilling or unable to provide the necessary legal services in this case because of a lack of experience, expertise or specialization required to properly handle the matter. *Id*. at 907. Accordingly, the Court will reduce Mr. Weinstein's and Mr. Matthews' rates to the prevailing Boise, Idaho community standards.

A review of Mr. Weinstein's affidavit shows that Mr. Weinstein has been licensed to practice law for approximately 23-24 years, and Mr. Matthews has been licensed to practice law for approximately 3-4 years. (Weinstein Aff., pp. 1-2). This Court's personal knowledge of the Boise, Idaho market reveals that typical attorneys with Mr. Weinstein's experience charge somewhere between $250.00 and $350.00 per hour. Typical attorneys with Mr. Matthews' experience charge somewhere between $100.00 and $180.00 per hour. The Court also notes that Mr. Scott, Plaintiff's local counsel, has practiced law for approximately 10 years, and he charges $190.00 per hour. (Scott Aff., p. 2). Based on this information, the Court finds that a rate of $300.00 per hour is reasonable for Mr. Weinstein, and $140.00 is reasonable for Mr. Matthews.

**Memorandum Decision and Order - Page 4**

Applying these adjusted rates to Plaintiff's cost bill, the Court finds that Defendants must pay Plaintiff a total of $4,955.80 in fees.[1] The Court will require Defendants pay this amount to Plaintiff within 2 weeks of the date of this order.

## II.   Motion to Amend

Plaintiff seeks to amend its complaint to substitute RSR Incorporated d/b/a Ree-Construction ("RSR") for RSR2, LLC d/b/a Ree-Construction ("RSR2"2). Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This is a very liberal standard. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave is typically denied only where it "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

Defendants RSR2 and Reese do not assert any legal arguments that Plaintiff has not met its burden for amending the complaint.[2] Instead, RSR2 seeks its attorney fees for time attributed to defending this lawsuit thus far. RSR2 cites the Lanham Act fee provision, 15 U.S.C. § 1117(a), and F.R.C.P. 11 in support of its argument.

---

[1] Defendants do not dispute the amount of work performed on this matter. Therefore, the Court reached the final amount of fees by simply multiplying Mr. Weinstein's and Mr. Matthews' adjusted rates by the number of hours they worked on the matter, and adding that amount to the amount claimed by Mr. Scott.

[2] All other defendants in this case filed a non-opposition to the motion to amend.

**Memorandum Decision and Order - Page 5**

### A.     Lanham Act Fee Provision

Plaintiff seeks to withdraw its Lanham Act claim against RSR2 and assert it against RSR.  The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  "A case may be considered exceptional when a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (Internal citation and quotation omitted).

Here, nothing in the record suggests that Plaintiff did anything but mistake RSR2 for RSR.  RSR2's suggestion that Plaintiff's mistake was unreasonable because RSR2 informed Plaintiff early in the case that it had named the wrong party is a bit disingenuous.  Not until it filed its reply brief in support of its motion to dismiss did RSR2 clarify its position that RSR, not RSR2, was the company which had business dealings with Ree-Construction, making RSR the proper defendant.  Thus, Plaintiff's claim against RSR2 up until that point, which involves the vast majority of the case, was not groundless, unreasonable, vexatious, or pursued in bad faith.  *Applied,* 511 F.3d 966, 973 (9th Cir. 2007).  Moreover, mistaking RSR2 for RSR was a reasonable mistake given the similarity in the two names and the fact that both companies are associated with Defendant Reese.

**Memorandum Decision and Order - Page 6**

Accordingly, Plaintiff's conduct did not rise to the level of exceptional circumstances required for an award of fees under the Lanham Act.

### B.     Rule 11 Sanctions

RSR2 contends that Plaintiff violated Rule 11(b)(3), which states in relevant part that, by presenting the court with a written pleading, an attorney certifies that, to the best of his or her knowledge, information and belief, formed after a reasonable inquiry, the factual contentions in the pleading have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further discovery.  A motion for sanctions pursuant to Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates" the rule.  F.R.C.P. 11(c)(2).  Moreover, "the motion . . . must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Id.

RSR2 failed to give Plaintiff the required opportunity to remedy the alleged wrong before filing a motion.  Moreover, RSR2 failed to file its motion separately from its response to Plaintiff's motion to amend.  Finally, simply mistaking the name RSR2 for RSR does not indicate that Plaintiff's claim against RSR2 was based on an unreasonable inquiry.  Accordingly, Rule 11 sanctions are unwarranted.

**Memorandum Decision and Order - Page 7**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees (Docket No. 56), shall be, and the same is hereby, GRANTED in part and DENIED in part. Defendants Boone and BRI, Inc. shall pay Plaintiff $4,955.80 in fees within 2 weeks of the date of this order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (Docket No. 69) shall be, and the same is hereby, GRANTED. Plaintiff's Amended Complaint attached to its motion to amend is deemed filed. The Court will not order an award of fees as to this motion.

DATED: **March 24, 2008**



B. LYNN WINMILL
Chief Judge
United States District Court